IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| TABITHA HOLBERT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil No. 2012-44 |
| PATRICK J. DUNN, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's unopposed Motion to File Amended Complaint[1] [DE 22] pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure of the District Court of the Virgin Islands. Plaintiff seeks leave to add Virgin Wing Holdings, LLC d/b/a Hooters of St. Thomas USVI ("Hooters") as a party, and certain factual allegations related thereto. Plaintiff maintains that the proposed amendments reflect facts learned during "the course of discovery."

Federal Rule of Civil Procedure 15(a) provides "a party may amend its pleading only with the opposing party's written consent or the court's leave," FED. R. CIV. P. 15(a)(2), where, as here, a responsive pleading [DE 6] has been served and the amendment is requested over 21 days after said service. Rule 15(a) provides further that "[t]he court should freely give leave when justice so requires." *Id*. A court may deny a motion for leave to amend when certain factors are present, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

---

[1] Plaintiff states that she seeks leave to file a "Second Amended Complaint." However, the docket reflects no amendments to the complaint [DE 1] have been filed to date. Accordingly, the Court considers plaintiff's motion as a request to file her first amendment to the complaint.

party by virtue of allowance of the amendment, [and] the futility of the amendment." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990) (alteration added) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, the only issue is whether amendment is futile, as the request to amend was filed just four days after discovery of new evidence and litigation is in its early stages.

The instant matter arises out of injuries plaintiff sustained as a result of an auto collision with defendant, who was intoxicated at the time. Plaintiff states discovery has revealed that prior to the collision, defendant purchased and consumed alcoholic beverages on Hooters' premises, defendant became intoxicated, and as a result, negligently operated his automobile so as to cause a head-on collision with plaintiff's automobile approximately fifteen minutes after departing Hooters. Based on this discovery, plaintiff seeks to impose "dram shop" liability against Hooters.[2]

Although a number of states have dram shop acts authorizing civil damage actions against tavern owners for the tortious acts of their intoxicated patrons, the Virgins Islands has no such statute. *Barrett v. Henrys*, 56 V.I. 75, 79 (V.I. Super. Ct. 2012); *Torchin v. Blue Shore Grill, LLC*, 2012 U.S. Dist. LEXIS 123491, at *8 (D.V.I. Aug. 30, 2012). Furthermore, there is no restatement provision on point. *See Torchin*, 2012 U.S. Dist. LEXIS 123491, at *8 (stating neither "the Restatement (Second) of Torts [nor] the Restatement (Third) of Torts . . . recognize[s] a cause of action for negligent service of alcohol). Finally, Virgin Islands courts

---

[2] "'Dram shop' is a term of art in the United States, referring to a bar, tavern or other establishment where alcoholic beverages are sold. The term 'dram' refers to a unit of liquid measure used during the colonial period." *Barrett v. Henrys*, 56 V.I. 75, 76 n.1 (V.I. Super. Ct. 2012) (citation omitted); *see also* Elizabeth A. Ryan, *"Can I Start You Off With Some Drinks?": An Analysis of Commercial Alcohol Provider Liability in Texas*, 39 Tex. Tech L. Rev. 45, 51 (2006) (explaining "[t]he term [dram] originates from when a tavern served its patrons alcohol by the measurement of a dram, or one-eighth of a fluid ounce").

have not considered whether common law "dram shop" liability should be recognized in the Virgin Islands. *Barrett*, 56 V.I. at 79 (stating this "issue will remain, for the time being, unanswered in the Territory").

Numerous states, however, have imposed civil liability upon tavern owners under the common law for the tavern owner's negligence in serving alcohol to intoxicated patrons.[3] *See Torchin*, 2012 U.S. Dist. LEXIS 123491, at \*9 (stating "numerous states have recognized [] a [common law] cause of action in instances where a negligently over-served patron has harmed a third person and the third person seeks recovery from the defendant server of alcohol"); *Grayson Fraternal Order of Eagles v. Claywell*, 736 S.W.2d 328, 335 (Ky. 1987) (listing states recognizing common law dram shop liability). Given the issue of common law dram shop liability in the Virgin Islands remains an issue of first impression, the Court cannot find plaintiff's cause of action against Hooters is futile. *See Town of New Windsor v. Tesa Tuck, Inc.*, 919 F. Supp. 662, 678 (S.D.N.Y. 1996) (stating "because [plaintiff's] claims present issues of first impression, this [c]ourt cannot conclude that they are futile on their face").

The premises considered, it is hereby ORDERED that

(1) Plaintiff's motion to amend [DE 22] is GRANTED;

(2) The amended complaint shall be designated the "First Amended Complaint" and deemed filed as of the date of this Order;

(3) Plaintiff shall cause a summons issued by the Clerk of Court along with a copy of the First Amended Complaint to be promptly served upon the new party; and

---

[3] "[S]uch liability did not exist at common law." Jeffrey Wynn Allen, *Note: Illinois Dram Shop Reform: The Need for a Sword, Not a Shield*, 28 J. Marshall L. Rev. 215 (1994). In fact, "the case of *Rappaport v. Nichols*, 156 A.2d 1 (N.J. 1959) was the first case in the United States to permit a common law negligence action against a dram shop." *Id*. at 254 n.8.

*Holbert v. Dunn*
Civil No. 2012-44
Page 4

    (4) Defendant Dunn shall respond to the First Amended Complaint on or before 14 days from the date of this Order.

**Dated:** February 12, 2013          S\_____
                                                      **RUTH MILLER**
                                                      United States Magistrate Judge

Case: 3:12-cv-00044-CVG-RM Document #: 23 Filed: 02/12/13 Page 4 of 4

*Holbert v. Dunn*
Civil No. 2012-44
Page 4