```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

TABITHA HOLBERT,                   )
                                   )
          Plaintiff,               )
                                   )
          v.                       )    Civil No. 2012-44
                                   )
PATRICK J. DUNN; VIRGIN ISLAND     )
WING HOLDINGS, LLC D/B/A HOOTERS   )
OF ST. THOMAS USVI,                )
                                   )
          Defendants.              )
                                   )
```

ATTORNEYS:

**Warren B. Cole**
Hunter, Cole & Bennett
St. Croix, VI
   *For Tabitha Holbert,*

**Henry C. Smock**
Smock & Moorehead
St. Thomas, VI
   *For Patrick J. Dunn,*

**Carl A. Beckstedt, III**
Beckstedt and Associates
Christiansted, VI
   *For Virgin Island Wing Holdings, LLC d/b/a Hooters of St. Thomas USVI.*

### MEMORANDUM OPINION

Before the Court is the motion of Virgin Island[1] Wing Holdings, LLC d/b/a/ Hooters of St. Thomas ("Hooters") to dismiss this matter as to Hooters. (ECF No. 34.)

---

[1] The parties filed, and the Magistrate Judge Approved, a joint motion to amend the caption from "Virgin Wing Holdings, LLC" to "Virgin Island Wing Holdings, LLC." (ECF Nos. 78, 79.)

### I.  FACTUAL AND PROCEDURAL HISTORY

On or about January 22, 2012, from approximately 7:30 p.m. until 10:00 p.m., Patrick J. Dunn ("Dunn") purchased and consumed an unspecified number of Bud Light beers served to him at Hooters. Thereafter, Dunn closed out his tab, left Hooters, proceeded to his car, and drove toward his residence on the East End of St. Thomas, Virgin Islands, via the Bovoni Road. At approximately 10:15 p.m., Dunn collided head-on with a vehicle in which Tabitha Holbert ("Holbert") was a passenger. The collision took place on Bovoni Road near No. 5A-1 Bovoni Estate on the island of St. Thomas. At the time of the collision, Dunn was driving on the wrong side of the road.

Shortly after the collision, police officers were dispatched to the scene of the accident. At approximately 10:34 p.m., police officers observed a strong odor of alcohol emanating from Dunn. Police also observed that he was staggering and slurring his speech. Dunn was arrested and taken to the police station. As a result of the collision, Holbert was injured and sought medical treatment.

Holbert filed a complaint against Dunn on June 18, 2012 (ECF No. 1). Subsequently, on January 25, 2013, Holbert filed a first amended complaint against Dunn and Hooters (ECF No. 22-2). Holbert's action charges Dunn with negligence, gross negligence,

*Holbert v. Dunn*
Civil No. 2012-44
Memorandum Opinion
Page 3

and reckless or willful conduct while driving his motor vehicle. Holbert's action alleges that in selling and serving excessive alcohol to Dunn, Hooters was negligent, grossly negligent, reckless, or willful. Hooters timely filed the present motion to dismiss.

## II.  DISCUSSION

### A. Rule 12(b)(6)- Failure to State a Claim

In order to survive a motion to dismiss, a plaintiff must offer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Id*. at 1969.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65 (internal citations omitted).

Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the

speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.*, 127 S. Ct. at 1965). The Third Circuit has summarized heightened pleading standards, stating that

> conclusory or bare-bones allegations will no longer survive a motion to dismiss: threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible. This then allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 677-679; *Twombly,* 550 U.S. 544, 555 n. 3) (internal citations and quotations omitted).

### III. ANALYSIS

#### A. Negligence

"To state a claim for negligence in the Virgin Islands, a plaintiff must allege (1) a duty; (2) a breach of that duty; (3) causation; and (4) damages." *Torchin v. Blue Shore Grill, LLC*, 2011-115, 2012 WL 3764059 (D.V.I. Aug. 30, 2012) (citing *Matos*

*v. Nextran, Inc.,* 2009 WL 2477516, at *5 (D.V.I. Aug. 10, 2009) and Restatement[2] (Second) of Torts § 281 (1965)).

The Court, in considering if there are facts in the Complaint sufficient to show plausible entitlement to relief, disregards any allegations in the Complaint which are merely "labels and conclusions [or] a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. Thus, the Court will not consider allegations contained in Holbert's complaint which contain conclusory legal statements, such as statements that "Hooters' conduct in selling and serving excessive alcohol to Dunn when he was in an intoxicated state at a time in which it knew or should have known of his intoxicated state, or in quantities Hooters knew or should have known would render him intoxicated, all while knowing or reasonably anticipating that he would thereafter drive a motor vehicle on the public roads of St. Thomas, was negligent, grossly negligent, reckless, and/or willful." (First Am. Compl., ECF No. 22-2, ¶ 17.)

---

[2] In the Virgin Islands:

> The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases in which they apply, in the absence of local laws to the contrary.

V.I. CODE ANN. Tit. 1, § 4.

*Holbert v. Dunn*
Civil No. 2012-44
Memorandum Opinion
Page 6

Having identified and excised such conclusory statements, Holbert's Complaint contains the following well-pleaded allegations. Hooters owns and operates a bar. (Am. Compl., ECF No. 22-2, ¶ 4.) Hooters sells alcoholic beverages as part of its business. (Am. Compl., ECF No. 22-2, ¶ 4.) Hooters sold and served Dunn an unspecified number of Bud Light beers. (Am. Compl., ECF No. 22-2, ¶ 7.) Dunn ordered all beers from the bartender and was continuously within the bartender's field of observation. (Am. Compl., ECF No. 22-2, ¶ 8.) Hooters employees served alcoholic beverages to Dunn when Dunn was intoxicated. (Am. Compl., ECF No. 22-2, ¶ 9.) Hooters knew or should have known that Dunn would drive in an intoxicated state. (Am. Compl., ECF No. 22-2, ¶ 9.) As a result of Hooters serving and selling Dunn alcohol and Dunn consuming that alcohol, Dunn was unable to operate a motor vehicle safely. (Am. Compl., ECF No. 22-2, ¶ 10.) Holbert was injured. (Am. Compl., ECF No. 22-2, ¶ 18.)

The only dispute here is whether Hooters owed Holbert a duty. To survive Hooters' motion to dismiss, Holbert must allege facts sufficient to establish that Hooters owed her a duty.

Tort law requires a party to exercise reasonable care when acting in a way that could foreseeably cause harm to others. *In re TMI*, 67 F.3d 1103, 1118 n.34 (3d Cir. 1995). "In all tort cases, a duty may be imposed either through common-law case

development or through statute." *DeJesus v. U.S. Dep't of Veterans Affairs*, 479 F.3d 271, 280 (3d Cir. 2007).

This Court has previously addressed duties owed by tavern owners, and has held that there is no cause of action in the Virgin Islands for negligent service of alcohol. In *Torchin v. Blue Shore Grill, LLC*, 2011-115, 2012 WL 3764059 (D.V.I. Aug. 30, 2012), Laura Torchin ("Torchin") was a patron at the Havana Blue Restaurant on St. Thomas, United States Virgin Islands. Jorge Garcia ("Garcia"), then an employee at the restaurant, served Torchin alcoholic beverages. Thereafter, Garcia drove Torchin and her cousin to his rented residence. As she attempted to exit the vehicle, Torchin fell from an elevated driveway and was injured. This Court refused to impose liability on the Havana Blue Restaurant, reasoning that imposing a duty on taverns not to serve alcohol to intoxicated patrons would extend territorial law beyond its "well-marked boundaries." *Torchin v. Blue Shore Grill, LLC*, 2011-115, 2012 WL 3764059 (D.V.I. Aug. 30, 2012).

There has been no Virgin Islands case law to the contrary since August 30, 2012. *See, e.g., Holbert v. Dunn*, CIVIL 2012-44, 2013 WL 504232 (D.V.I. Feb. 12, 2013) ("Although a number of states have dram shop acts authorizing civil damage actions against tavern owners for the tortious acts of their intoxicated

*Holbert v. Dunn*
Civil No. 2012-44
Memorandum Opinion
Page 8

patrons, the Virgins Islands has no such statute. Furthermore, there is no restatement provision on point. Finally, Virgin Islands courts have not considered whether common law 'dram shop' liability should be recognized in the Virgin Islands." (internal citations and quotations omitted).) There was no duty when the collision between Holbert and Dunn occurred on January 22, 2012. There was no duty when Holbert filed the operative complaint on January 25, 2013.[3]

---

[3] It is worth noting that the Virgin Islands has enacted legislation that expressly affirms that tavern owners owe no duty to prevent patrons from consuming excessive alcohol. That statute, 8 V.I.C. § 161, states:

> A person who sells or furnishes alcoholic beverages to a person of lawful drinking age does not thereby become liable for injury or damage caused by or resulting from the intoxication of such person[.] However, a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age, or who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such minor or person.

8 V.I.C. § 161 (Act No. 7485, Bill No. 30-0082, Thirtieth Legislature of the Virgin Islands, Regular Session, 2013, passed by the Legislature of the Virgin Islands on April 16, 2013, approved by the Governor May 3, 2013). Of course, 8 V.I.C. § 161 applies prospectively. *See generally Perez v. Elwood*, 294 F.3d 552, 558 (3d Cir. 2002) (noting that a court should presume, absent a clear and express intent to the contrary, that a civil statute should not have retroactive effect). There is no language on the face of the statute expressly extending its reach to acts occurring before its passage. Beyond the face of

Without plausibly alleging Hooters owed her a duty, Holbert has failed to make out a prima facie negligence or gross negligence claim. Holbert's complaint does not contain sufficient facts to state a claim to relief that is plausible on its face.

## IV. CONCLUSION

The premises considered, it is hereby

**ORDERED** that Hooters' motion to dismiss is **GRANTED**; and it is further

**ORDERED** that Holbert's claims against Hooters are **DISMISSED.**

```
                              S_____
                                Curtis V. Gómez
                                District Judge
```

---

the legislation, there is a general presumption against legislative retroactivity, *see, e.g., Monoson v. United States*, CIV. 1998-46, 2007 WL 218752 (D.V.I. Jan. 25, 2007); *Johnson v. Virgin Islands Port Auth.*, 236 F. Supp. 2d 503, 505 (D.V.I. 2002). Thus, 8 V.I.C. § 161 does not reach the acts in the complaint. Even so, 8 V.I.C. § 161 is remarkable because it merely codified what was apparent given the state of Virgin Islands law. That is, tavern owners owe no duty to prevent patrons from consuming excessive alcohol. To the extent the legislature wished to create such a duty, it could have done so for acts even prior to the enactment of 8 V.I.C. § 161. It did not.